FILED

2012 JUL -2  PM 3: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1 | THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
2 | devin@devinfoklaw.com
P.O. Box 7165
3 | Alhambra, CA 91802-7165
Phone: (310) 430-9933
4 | Fax: (323) 563-3445

5 | A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
6 | joshua@anewwayoflife.org
958 E 108th Street
7 | Los Angeles, CA 90059
Phone: (323) 563-3575
8 | Fax: (323) 563-3445

9 | Attorneys for Plaintiff and the Proposed Class
10 | *[Additional counsel listed on signature page]*

11

12
**UNITED STATES DISTRICT COURT**
13
**CENTRAL DISTRICT OF CALIFORNIA**
14

15 | JOHN DOE                                    ) Case No. CV 12-5737-DSF
16 | individually and on behalf of the           )                    (FFMx)
     putative classes,                          )
17 |                                             ) **CLASS ACTION COMPLAINT**
                                                 ) **FOR VIOLATIONS OF THE FAIR**
18 |                 Plaintiff,                  ) **CREDIT REPORTING ACT, 15**
                                                 ) **U.S.C. § 1681** *et seq.*
19 |           vs.                               )
                                                 )
20 | RYDER SYSTEM, INC., a Florida               )
     corporation, and DOES 1-10 inclusive,      ) **JURY TRIAL DEMANDED**
21 |                                             )
                                                 )
22 |                 Defendants.                 )
                                                 )
23 | _____         )

24

25

26

27

28
                                          CLASS ACTION COMPLAINT

Plaintiff JOHN DOE ("Plaintiff"), on behalf of himself and all similarly situated individuals, complains and alleges against Defendant RYDER SYSTEMS, INC. ("Ryder") as follows:

## **NATURE OF THE ACTION**

1. Ninety-two percent of all employers, including Ryder, routinely obtain consumer reports on prospective and existing employees. Employers, including Ryder, frequently rely on such information as a basis for adverse employment action, e.g., denial of employment.[1]

2. Background check companies, or consumer reporting agencies, provide consumer reports based on criminal history data maintained in their own proprietary databases. These companies compile information from various sources including state and federal criminal record repositories.

3. Many large-scale employers, including Ryder, rely on consumer reporting agencies to determine job applicants' eligibility for employment. This determination is made without the employer independently reviewing the applicant's consumer report, and without providing the employee with an opportunity to dispute the information contained therein.

4. Plaintiff was conditionally hired by Ryder as a truck driver pending, *inter alia*, a successful background check.

5. He was subsequently rejected from employment based solely on a consumer reporting agency's notation that the criminal background information

---

[1] EEOC Enforcement Guidance, *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq.* (April 25, 2012), p. 6 (http://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf (last visited May 31, 2012)).

2

CLASS ACTION COMPLAINT

contained in Plaintiff's background check report fell outside of "pre-determined criteria."

6.      The actual criminal history information that formed the basis for the conclusion that Plaintiff fell "outside of pre-determined criteria" was a six-year-old conviction for violating an ordinance relating to operating a business without a license.

7.      The actual criminal history information was never provided to Ryder by the consumer reporting agency.  Nor was it provided to Plaintiff.

8.      Plaintiff was never provided with any pre-adverse action notice from Ryder.  Instead, he found out that Ryder had decided not to employ him only after he initiated a phone call to Ryder's human resource department after a long period of silence following the conditional offer.

9.      The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, imposes certain duties on users of consumer reports, including employers.

10.      Under 15 U.S.C. § 1681b(b)(3)(A), **before** taking any adverse employment action based in whole or in part on a consumer report, the employer must provide to the job applicant:

    a.  a copy of the consumer report; and

    b.  a description in writing of the rights of the consumer under the FCRA.

11.      After an adverse action occurs, the consumer job applicant must receive a second notice, mandated by 15 U.S.C. § 1681m(a).  (Hereafter, Plaintiff will refer to the first of those notices as the "pre-adverse action notice," and the second as the "adverse action notice.")

12.      The reasons for the pre-adverse action notice requirement in employment situations are to alert the job applicant that he is about to be rejected based on the content of a report, and to give him an opportunity to challenge the

CLASS ACTION COMPLAINT

accuracy or relevancy of the information with the credit reporting agency or the employer before the job prospect is lost.

13.     Congress recognizes that these rights are extremely important to the consumer and help "to insure that consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4) (emphasis added).

14.     The pre-adverse action notice requirement is unqualified. "Employers must comply with the pre-adverse action disclosure requirement even where the information contained in the consumer report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action." FTC, *40 years of Experience with the Fair Credit Reporting Act* (July 2011) p. 53.

15.     This requirement makes sense because even where the applicant was justly denied employment, he would be informed that his criminal history was a factor in the employer's adverse employment decision, and would be motivated to seek various state remedies to expunge his criminal records. In California, this is called a dismissal pursuant to Penal Code § 1203.4.

16.     To ensure knowing compliance with FCRA, Congress further requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained a certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) by providing the consumer with a pre-adverse action notice whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S.C. §1681b(b)(1)(A).

17.     Ryder knowingly, voluntarily, and with the assistance of its counsel, executed a certification providing that it would comply with various provisions of the FCRA, including providing a pre-adverse and adverse action notice, whenever

4

CLASS ACTION COMPLAINT

1  adverse action was contemplated or taken based in whole or in part on information
2  contained in a consumer report.

3       18.    Despite its certification, Ryder knowingly violated 15 U.S.C. §
4  1681b(b)(3) and 15 U.S.C. § 1681m(a) by failing to provide its job applicants and
5  employees with pre-adverse action and adverse action notices.

6       19.    Based on these violations, Plaintiff asserts FCRA claims against Ryder
7  on behalf of himself and those similarly situated for Ryder's intentional failure to
8  provide the notices as described above.

9

10                    **JURISDICTION AND VENUE**

11      20.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28
12  U.S.C. § 1331.

13      21.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2).
14  Plaintiff resides in this district, the wrongs alleged herein occurred in this district,
15  and Defendant regularly conducts business in this district.

16

17                         **THE PARTIES**

18      22.    Plaintiff JOHN DOE is, and at all times relevant hereto was, an
19  individual over the age of 18 and a resident of Los Angeles County, California.

20      23.    Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) because he
21  is an individual.

22      24.    Defendant RYDER SYSTEMS, INC. is a Florida corporation that
23  conducts business throughout the United States, including in Los Angeles County,
24  California.  Ryder has its headquarters and principal place of business in Miami,
25  Florida.

26      25.    At all times pertinent hereto, Ryder was a user of consumer reports and
27  is subject to regulation under 15 U.S.C. § 1681b.

28

CLASS ACTION COMPLAINT

# **FACTUAL ALLEGATIONS**

26. In 2005, Plaintiff was convicted of a misdemeanor violation of Torrance Municipal Code, Division 3, Chapter 1, Article 3, section 31.3.1, "Carrying on Business Without a License," because he was hired by an unlicensed contractor to paint address numbers on a street curb.

27. Six years later, on or about April 28, 2011, Plaintiff applied for work as a truck driver with Ryder. He was interviewed in person and contingently hired the following day pending the successful completion of a background check, a DOT pre-employment physical, a road test, and a post-offer drug screening test.

28. Plaintiff successfully completed and/or passed all conditions except the background check.

29. On or about April 29, 2011, Ryder sent a request for a background check on Plaintiff to American Background Information Services ("ABI").

30. On or about May 12, 2011, Ryder received a two-page summary report entitled "Risk Score Report" from ABI characterizing the results of Plaintiff's background ground screening as: "Yellow – Information returned regarding the above referenced applicant falls outside the predetermined criteria." "Reason: Criminal." A copy of the summary adjudication is attached as Exhibit 1.

31. Relying solely on this information, Ryder determined that Plaintiff had "FAILED CRIMINAL." (*See* Exhibit 2). Accordingly, Ryder noted that Plaintiff had not met all of his required conditions for employment and denied him employment based on the information contained in the consumer report.

32. Ryder did not issue a notice to Plaintiff either prior to or following the adverse action.

33. Plaintiff never received a pre-adverse action or adverse action notice from Ryder.

34. Plaintiff never received a copy of his background check report from Ryder.

6

35.     Because Ryder did not provide Plaintiff with a copy of the consumer report that it relied upon, and did not provide Plaintiff with an explanation for its decision to deny employment, Plaintiff did not know why he was denied employment until October 24, 2011—almost five months following his denial of employment.   At that time, Plaintiff learned that the basis for the denial was his conviction for operating a business without a license.

36.     Plaintiff was deprived of any opportunity to review the information in the consumer report and discuss it with his employer before Ryder made the decision not to hire him.

37.     During the relevant period, ABI provided, and continues to provide, consumer reports to Ryder under a service agreement.   Under the service agreement, Ryder certified to ABI that it would comply with the FCRA, including provisions specifically and directly relating to its duty to provide pre-adverse action and adverse action notices to its job applicants and employees.

38.     Ryder knowingly, voluntarily, and with the assistance of its counsel signed the service agreement including the above-mentioned certification.

39.     Therefore, Ryder is well-aware of its obligations to provide pre-adverse action and adverse action notices to its job applicants and employees whenever it decides to take adverse action.   Nevertheless, Ryder neither directly provides such notices nor contracts with ABI to do so.

40.     Among its service offerings, ABI provides a service called "Compliance Fulfillment," which purports to assist the employer in complying with the FCRA by automatically generating and mailing pre-adverse action and adverse action notices to the consumer along with a copy of the consumer report under the employer's letterhead whenever there has been an adverse adjudication by ABI based on the pre-determined criteria supplied by Ryder.   *See* http://www.americanbackground.com/vaddedservices.aspx?tab=2 (last visited on May 28, 2012).

7

41.    Consumer reporting agencies routinely provide a similar service and many employers purchase it.    Ryder could have easily and cost-effectively complied with the mandates of the FCRA by purchasing this service, but failed to do so.

42.    Ryder knew or had reason to know that its conduct was inconsistent with published Federal Trade Commission ("FTC") guidance interpreting the FCRA and the plain language of the statute.

## CLASS ACTION ALLEGATIONS

43.    Ryder's practices and procedures described herein affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of information in consumer reports.

44.    Plaintiff asserts his claims in Counts 1 and 2 on behalf of a Putative Class defined as follows:

> All natural persons residing in the United States who, within five years from the filing of this action, were the subject of a consumer report prepared at the request of Ryder for employment purposes and who were subject to an adverse employment action based on that report.

45.    Numerosity: The Class is so numerous that joinder of all members is impracticable.  Ryder regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action.  Plaintiff is informed and believes that, during the relevant time period, Ryder failed to provide a pre-adverse action or adverse action notice to thousands of employees and prospective employees.    The numerosity of the proposed class satisfies the definition of the Putative class.

46.    Commonality: There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. Those questions include:

CLASS ACTION COMPLAINT

(a) whether Ryder violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide pre-adverse action notice to consumers before taking adverse action in whole or in part based on a consumer report;

(b) whether Ryder violated 15 U.S.C. §1681m(a) by failing to provide adverse-action notice to consumers after taking adverse action in whole or in part based on a consumer report; and

(c) whether Ryder's violations were willful.

47.   <u>Typicality:</u> Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.  Ryder typically uses consumer reports to conduct background checks on employees and prospective employees.  Ryder typically contingently hires these employees prior to conducting background checks, and only orders background checks after it has been determined that employees are qualified for the position. Ryder routinely takes adverse action based in whole or in part on consumer reports, and denies employment to consumers who do not receive a "green" adjudication. Finally, Ryder typically does not provide pre-adverse action and adverse action notices to these consumers prior to or following the taking of adverse action, respectively.   The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Ryder treated Plaintiff consistently with other Putative Class members in accordance with its standard policies and practices.

48.   Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has no conflict with the Class.  Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

49.   This action should be maintained as a class action pursuant to Rule 23(b)(3) because the questions of law and fact common to Class Members predominate over any questions affecting only individual Class members, and a

9

class action is a superior method for the fair and efficient adjudication of this controversy.   The interest of Class Members in individually controlling the prosecution of separate claims against Ryder is small.   Management of the Class claims will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

50.   Ryder, solely or in combination with ABI, maintains records based on which all class members can be identified.   These records also contain address information.   Upon certification, Plaintiffs will send class notice via first class mail to all members of the class, such notices to be mailed to class members' last known address as determined by comparing Ryder's information with the National Change of Address database.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681b(b)(3)(A)**
**(on behalf of Plaintiff and the Class)**

51.   Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

52.   Ryder used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

53.   Ryder violated the FCRA by failing to provide Plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report, along with a copy of the consumer report and a compliant description in writing of the rights of the consumer.

54.   The foregoing violations were willful.   Ryder acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class

10

members under 15 U.S.C. § 1681b(b)(3)(A).  The willfulness of Ryder's conduct is reflected by, among other things, the following facts:

    a.  Based on the plain language of the statute, legal advice provided by its own general counsel or outside employment counsel, and published FTC guidance, Ryder knew or should have known that its failure to provide pre-adverse action notice was unlawful.;

    b.  Moreover, based on the certification executed and memorialized by ABI and itself, Ryder explicitly acknowledged that it has the duty to provide a pre-adverse action notice as specified under the FCRA;

    c.  Ryder could have complied with the statutory duty to provide a pre-adverse action notice either by sending the notice directly to the affected consumer job applicant, or by contracting with ABI to do so on its behalf;

    d.  Despite the clear notice of the law, full ability to comply, and ample opportunity, Ryder failed to adopt any measure which would have provided the required notice to Plaintiff and the Class.

    55.    Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

    56.    Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681m(a)
### (on behalf of Plaintiff and the Class)

    57.    Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

CLASS ACTION COMPLAINT

58.     Ryder used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

59.     Ryder violated the FCRA by failing to provide Plaintiff and other Putative Class members with notice to the consumer that an adverse action had been taken in whole or in part based on a consumer report.

60.     The foregoing violations were willful.  Ryder acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681m(a).  Ryder's willful conduct is reflected by, among other things, the following facts:

a.  Based on the plain language of the statute, legal advice provided by its own general counsel or outside employment counsel, and published FTC guidance, Ryder knew or should have known that its failure to provide adverse action notice was unlawful.;

b.  Moreover, based on the certification executed and memorialized by ABI and itself, Ryder explicitly acknowledged that it has the duty to provide adverse action notice as specified under the FCRA;

c.  Ryder could have complied with the statutory duty to provide an adverse action notice either by sending the notice directly to the affected consumer job applicant or by contracting with ABI to do so on its behalf;

d.  Despite the clear notice of the law, full ability to comply, and ample opportunity, Ryder failed to adopt any measure which would have provided the required notice to Plaintiff and the Class.

61.     Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

62.     Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S..C. § 1681n(a)(3).

CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in favor of himself and the proposed Classes:

1.      That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

2.      That judgment be entered against Ryder and in favor of Plaintiff and Class members for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

3.      That judgment be entered against Ryder for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.      That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5.      That the Court grant such other and further relief as may be just and proper.


DATED: July 1, 2012

By: _____
THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445


NICHOLS KASTER, PLLP
E Michelle Drake (*pro hac vice application forthcoming*)
drake@nka.com
80 S. Eighth St. 4600 IDS Center
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 3384878

CLASS ACTION COMPLAINT

1

2

3

4

5

6

A NEW WAY OF LIFE REENTRY
PROJECT
Joshua E. Kim (SBN #257260)
joshua@anewwayoflife.org
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445

7

8

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

9

10

11

DATED: July 1, 2012

THE LAW OFFICES OF DEVIN H. FOK

12

13

14

By: _____

Devin H. Fok

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

CLASS ACTION COMPLAINT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>JOHN DOE, individually and on behalf of the putative classes | **DEFENDANTS**<br>Ryder System, Inc., a Florida corporation, and DOES 1-10 inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Devin H. Fok, Law Offices of Devin H. Fok, P.O. Box 7165, Alhambra, CA 91802-7165, 310-430-9933; Joshua E. Kim, A New Way Of Life Reentry Project, 958 E. 108th St., Los Angeles, CA 90059, 323-563-3575 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the Fair Credit Reporting Act 15 U.S.C. 1681 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number: _____

## CV12-5737

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  **Date** 7/1/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address: Joshua E. Kim (257260)
joshua@anewwayoflife.org
958 E. 108th St., Los Angeles, CA 90059
Ph: 323-563-3573; Fax: 323-563-3445
for Plaintiff John Doe, individually and on behalf of
the putative classes

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>individually and on bealf of the putative classes,<br><br>PLAINTIFF(S)<br><br>v.<br><br>RYDER SYSTEM, INC., a Florida corporation, and<br>DOES 1-10 inclusive,<br><br>DEFENDANT(S). | **CASE NUMBER**<br><br>CV12-5737 -DSF(FFMx)<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Joshua E. Kim _____, whose address is 958 E. 108th Street, Los Angeles, CA 90059 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JUL - 2 2012  _____

By: _____   MARILYN DAVIS

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*