UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 12-5737 DSF (FFMx) | Date | 8/20/12 |
| Title | John Doe v. Ryder System, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Stipulation to Modify Deadline to Move for Class Certification and Order to Show Cause re Adequacy of Counsel

    The Court rejects the Stipulation to Modify Deadline to Move for Class Certification. The parties' unsupported assertion that good cause exists does not establish good cause - much less good cause for an additional 90 days.

    In appointing class counsel, the Court:

(A) must consider:
    (i) the work counsel has done in identifying or investigating potential claims in the action;
    (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
    (iii) counsel's knowledge of the applicable law; and
    (iv) the resources that counsel will commit to representing the class;
(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.

Fed.R.Civ.P. 23(g)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

While adequacy of counsel is ordinarily determined after class certification, it appears an early preliminary determination of whether Plaintiff's counsel would be adequate class counsel would serve the interests of the putative class and of judicial economy. Therefore, Plaintiff's counsel are ordered to show cause why one or both of them would be adequate counsel to represent the class if a class were certified. A written response must be submitted no later than September 10, 2012. The response should provide full and complete information responsive to Rule 23(g)(1)(A) and (B), and sufficient for the Court to make an informed decision. The response should also provide any agreement between Plaintiff and counsel (which may be filed in camera and under seal), any agreement relating to this action with any other person or entity, and counsel's proposal for terms for attorney's fees and nontaxable costs. See Rule 23(g)(1)(C).

IT IS SO ORDERED.