# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES REGALADO, individually and on behalf of the putative classes,<br><br>Plaintiff,<br><br>v.<br><br>RYDER INTEGRATED LOGISTICS, INC. a Delaware corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:12-cv-05737 DSF (FFMx)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] ORDER ON STIPULATION RE:  PROTECTIVE ORDER<br><br>Magistrate Judge: Hon. Frederick F. Mumm<br><br>NOTE CHANGES MADE BY COURT |

Plaintiff Andres Regalado ("Plaintiff") and Defendant Ryder Integrated Logistics, Inc. ("Defendant") (collectively, the "Parties"), through their counsel of record, enter into the following stipulation:

WHEREAS, the discovery procedures and settlement discussions in this case may require disclosure of documents and information, regarded by the producing party as proprietary, confidential and private information concerning parties, witnesses, and persons not party to this action.

WHEREAS, the purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation, including any stay of litigation.

WHEREAS, the Parties respectfully submit that this stipulated Protective Order will facilitate the discovery and settlement process, without improperly undermining public access to non-confidential information and that there is good cause for entry of this Order.

WHEREAS, the Parties have agreed to be bound by the terms of this Order in this Action.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties and through their undersigned counsel, as follows:

## DEFINITIONS

1. The term "**Confidential Information**" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, ~~trial testimony~~, deposition testimony, and transcripts of ~~trial testimony and~~ depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs. **(FFM)**

2. The term "**materials**" will include, but is not be limited to: documents; correspondence; personnel documents; memoranda; tax documents; letters; statements; contracts; drafts; notes of conversations; desk diaries; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects (regardless of how it is generated, stored or maintained).

3. The term "**counsel**" will mean counsel of record, Defendant's in-house counsel and other attorneys, paralegals, secretaries, and other support staff employed by counsel of records' law firms.

/ / /

/ / /

## GENERAL RULES

4. Each party to this litigation that produces or discloses in the course of this litigation any materials, answers to interrogatories, responses to requests for admission, ~~trial testimony,~~ deposition testimony, and **transcripts of** ~~transcripts of trial and~~ depositions, or other information that the producing party believes should be subject to this Protective Order may designate the same as "Confidential" or "Attorneys' Eyes Only." Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Attorneys' Eyes Only" subject to the same protections and constraints as the Parties to the action, as set forth herein. A copy of this Protective Order shall be served along with any subpoena served in connection with this action.

   a. Designation as "Confidential": Any party may designate information as "Confidential" if in the good faith of such party and its counsel, the information (regardless of how it is generated, stored, or maintained) qualifies for protection under Fed. R. Civ. Pro. 26(c).

   b. Designation as "Attorneys' Eyes Only": Any party may designate information as "Attorneys' Eyes Only" if in the good faith of such party and its counsel, the information is among that considered to be most sensitive by the party, such as financial information, personnel documents, or documents protected by privacy rights.

   c. All Confidential Information designated as "Confidential" or "Attorneys' Eyes Only" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5. Information designated as "Attorneys' Eyes Only" must be viewed only by counsel, by experts and consultants provided each such individual has read this Order

in advance of disclosure and has agreed in writing to be bound by its terms, and the Court and its personnel (subject to an Application to File under Seal and the Court's order on the same).

6.     Information designated "Confidential" must be viewed only by counsel, the named parties, by experts and consultants in this matter (provided they have agreed in writing to be bound by this Order), a deponent or witness in this matter, copying or imaging services or court reporters retained by a party in connection with this action, any other person agreed to by the parties, and the Court and its personnel (subject to an Application to File under Seal and the Court's order on the same).

7.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the ground for the objection.  If the dispute is not resolved consensually between the parties, ~~within twenty-one (21) days of the designating party notifying the objecting party in writing that it will not modify the designation of the material as Confidential Information~~, the objecting party **may** ~~must~~ provide to the designating party its portion of a joint stipulation pursuant to Local Rule 37-2 regarding the objection to the designation of the material(s) as Confidential Information. The material(s) at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. **(FFM)**

8.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as Confidential Information or "Attorney's Eyes Only" in accordance with this Order. The receiving party must treat the materials as Confidential Information or "Attorneys' Eyes Only" once the

- 4 -

designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "Confidential" or "Attorneys' Eyes Only."

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party, the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until seven (7) days after receipt of the deposition transcript to inform the other party or parties to the action in writing of the portions of the transcript to be designated "Confidential."

10. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing party shall move to have such pleading, motion, or other paper filed under seal pursuant to the terms and requirements of Local Rule 79-5 and paragraph 6 of this Court's Standing Order.  If a party wishes to file a document that has been designated "Confidential" or "Attorneys' Eyes Only" by another party, the submitting party must give any designating party five calendar days' notice of intent to file. If the designating party objects, it should notify the submitting party and file an application to file documents under seal within two court days.

11. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

12. No modification by the parties shall have the force or effect of a Court order unless and until the Court approves the modification.

13. Within 30 days after the final disposition of this action, each Party must return to the designating party or destroy in a secure manner all Confidential Information including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the returning Party must submit a written certification to the Designating Party by the 30 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Upon a written request made by Plaintiffs' counsel to Reed Smith within the 30 day deadline, Reed Smith will agree to retain a copy of the Confidential Information returned to it by Nichols Kaster, PLLP, the Law Offices of Devin H. Fok, and/or A New Way of Life Reentry Project for a period of seven years for malpractice purposes. Reed Smith will provide Plaintiffs' counsel with reasonable access to the Confidential Information for malpractice purposes, provided the Confidential Information remains subject to the terms of this protective order.

14. All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

**15. Nothing herein shall be construed as relieving anyone from fully complying with any legal obligation imposed by a duly issued subpoena or other court, administrative or legislative process. (FFM)**

**IT IS SO ORDERED**.

DATED: December 18, 2012   /S/ FREDERICK F. MUMM
                          The Honorable Frederick F. Mumm
                          UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES REGALADO, individually and on behalf of the putative classes,<br><br>Plaintiff,<br><br>v.<br><br>RYDER INTEGRATED LOGISTICS, INC. a Delaware corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:12-cv-05737-DSF-FFMx<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Magistrate Judge: Hon. Frederick F. Mumm<br><br>Filing Date: July 2, 2012 |

I, the undersigned, do depose and state as follows:

My address is _____.  My current employer is _____.  My current occupation is _____.

I have received a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order.  I will comply with all the provisions of the Protective Order.

I will hold any information designated "Confidential" in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this action only.  I will keep all such

Confidential Information and documents in a secure place and in a secure manner to prevent unauthorized access to it.

Promptly upon termination of this action, I will return all "Confidential" documents and information to counsel for the party by whom I am employed or retained including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action. Signed under the penalty of perjury of the laws of the United States of America, this ___day of _____, 20__ .

_____        _____
Signature                                                      Printed Name