1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES REGALADO, individually and on behalf of the putative classes,<br><br>        Plaintiff,<br><br>     vs.<br><br>RYDER INTEGRATED LOGISTICS, INC., a Delaware corporation, and DOES 1-10 inclusive,<br><br>        Defendants. | Case No. 2:12-cv-05737-DSF (FFMx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, APPROVING FORM OF NOTICE TO THE CLASS, SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT, AND GRANTING FILING OF FOURTH AMENDED COMPLAINT** |

On review and consideration of the Amended Settlement Agreement dated September 30, 2013 (the "Amended Settlement Agreement" or "Amended Agreement") in the above-captioned case (the "Action"), and after a hearing on November 4, 2013, and good cause appearing, this Court finds and orders as follows:

1.     The parties' Stipulation to allow Plaintiff to file the Fourth Amended Complaint is GRANTED.

2.      The terms of the Amended Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable, and adequate, subject to further consideration thereof at the Final Approval Hearing described in Paragraph 18 of this Order.

3.      The definitions set forth in the Amended Agreement are incorporated by reference into this Order.

4.      Solely for the purpose of settlement, in accordance with the Amended Agreement and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court certifies the following Class:

All persons who meet all of the following criteria:

(i)      Defendant procured a consumer report on the individual for employment purposes during the Class Period;

(ii)     the consumer report was scored red or yellow;

(iii)    the individual was not hired by or offered employment with Defendant;

(iv)    Defendant did not send or cause to be sent to the individual an Adverse Action Notice; and

(v)     Defendant's human resources records and applicant tracking system reflect a disposition code that indicates the individual was not hired or offered employment because the individual did not meet Defendant's background check requirements.

5.      Pursuant to the Amended Agreement, and for settlement purposes only, the Court finds as to the Class that:

a.      the Class is so numerous that joinder of all members is impracticable;

b.      there are questions of law or fact common to the Class;

c.   the claims of the Class Representative are typical of the claims of the Class that the Class Representative seeks to certify;

d.   Class Representative and Plaintiff's Counsel will fairly and adequately protect the interests of the Class;

e.   the questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f.   certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

6.   For the purpose of this preliminary approval and all matters relating to the Settlement and this Action, until further order of the Court, Andres Regalado shall be Class Representative of the Class and the law firm is appointed as counsel for the Class ("Class Counsel"):

NICHOLS KASTER, PLLP
E. Michelle Drake
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

7.   CAC Services Group is appointed to serve as Settlement Administrator ("Settlement Administrator").

8.   Pursuant to the terms of Paragraph 42 of the Amended Agreement, Defendant is directed to prepare and provide to the Settlement Administrator a Class Member List within twenty (20) days of the entry of this Order.  Within thirty-five (35) days of the entry of this Order, pursuant to the procedures detailed in the Amended Agreement, the Settlement Administrator shall cause the Notice of Pendency of Class Action Settlement and Final Hearing, substantially in the form attached to the Amended Agreement as Exhibit 1 ("Notice of Class Settlement"),

and the Opt Out Request for Exclusion Form, substantially in the form attached as Exhibit 2 to the Amended Agreement ("Opt Out Form"), to be sent via first-class U.S. mail, postage prepaid, to all Class Members ("Class Notice").

9.      Pursuant to the terms of Paragraph 2 of the Amended Agreement, Third Party Administration Costs will be paid separately by Defendant.

10.     Defendant has already sent notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.     Class Notice in compliance with the provisions set forth in Paragraph 6 above and the Amended Agreement is found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process.

12.     Class Members wishing to exclude themselves from the Class shall mail an Opt Out Form, described in Paragraph 47 of the Amended Agreement, addressed to the Settlement Administrator and postmarked no later than forty-five (45) days after the mailing of Class Notice.  The Opt Out Form must be signed by the Class Member or his or her authorized representative in the case of the Class Member's death or incapacity.  Any Class Member who timely Opts Out from the Settlement shall no longer be a member of the class, shall be barred from participating in the Settlement, shall have no right to object to the Settlement, and shall receive no benefit from the Settlement.  Any Class Member who does not properly and timely opt out shall be included in the Class and shall be bound by the release and any Final Judgment entered in this Action.

13.     Any Participating Class Member wishing to object to the Settlement must submit an objection in the form prescribed by Paragraph 51 of the Amended Agreement.  Any Class Member who intends to object to the Settlement on any grounds whatsoever must notify the Court, Class Counsel, Counsel for Defendant,

and the Settlement Administrator on or before forty-five (45) days after the mailing of Class Notice.

14.    No later than ten (10) days following the close of the Opt Out Period, the Settlement Administrator will provide Class Counsel with a declaration attesting to completion of the notice process set forth in the Amended Agreement, the number and names of opt outs, and a summary of any disputes raised by any Class Members.  Class Counsel and Counsel for Defendant will file any responses to written objections submitted to the Court in accordance with the Amended Agreement at least seven (7) days prior to the Final Fairness Hearing.

15.    Subject to the terms and conditions of the Amended Agreement, all Class Members who do not Opt Out from the Settlement will be entitled to receive their pro rata share of the settlement proceeds automatically without the need for the submission of a claim form.

16.    All other events contemplated under the Amended Agreement are to occur after this Order and before the Final Approval Hearing described in Paragraph 18, and shall be governed by the Amended Agreement, to the extent not inconsistent with this Order.

17.    Memoranda in support of Final Approval of the Settlement and any petitions for attorneys' fees and a Class Representative Incentive Award shall be filed with the Clerk of the Court within thirty-five (35) days of the date of this Order.  In connection with the Motion for Final Approval of the Settlement, Class Counsel shall file the declaration of the Settlement Administrator referenced in Paragraph 14 of this Order evidencing compliance with the provisions of this Order concerning the mailing of the Class Notice, the number of opt-outs received, and any objections received.

18.    A hearing (the "Final Approval Hearing") shall be held before the undersigned at 1:30 p.m. on February 3, 2014 in Courtroom 840, United States District Court for the Central District of California, 255 East Temple Street, Los

Angeles, CA 90012, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the entry of any final order or judgment in the Action, any petition for attorneys' fees and incentive award, and other related matters. This Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

19.     Any Class Member who does not opt out of the Settlement may appear at the Final Approval Hearing, in person or by counsel, if an appearance is filed and served as provided in the Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the proposed Settlement, or the requested award of attorneys' fees and incentive award; provided, however, that no person shall be heard in opposition to the proposed Settlement and, if approved, the judgment entered hereon, or to the requested award of attorneys' fees and incentive award, and no papers or briefs submitted by any person shall be accepted or considered by the Court unless, on or before forty-five (45) days after the mailing of Class Notice such person (i) has filed with the Clerk of the Court a notice of such person's intention to appear, clearly identifying the case name, number and judge, together with a statement that indicates the basis for such opposition along with any supporting documentation, and (ii) has served copies of such notice, statement, and documentation together with copies of any other papers or briefs that such person files with the Court, either in person, or by mail, and upon Class Counsel, Defendant's Counsel and the Settlement Administrator, by mail, and (iii) otherwise complies with the Amended Agreement and Notice of Class Settlement for purpose of such hearing.

20.     All proceedings in the Action other than such as may be necessary to carry out the terms and conditions in the Amended Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

21.   The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendant or any of the Released Parties, of any fault or omission with respect to any claim or that this action is appropriate for class treatment for litigation purposes.  Entry of this Order is without prejudice to the rights of Defendant or any of the Released Parties to oppose class certification in this action, should the proposed Settlement not be granted final approval.

22.   If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated.  In such an event, the Settlement and all negotiations concerning it shall not be used or referred to for any purpose whatsoever.

**IT IS SO ORDERED.**

11/7/13

DATED:_____

_____

Dale S. Fischer
United States District Judge