THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
joshua@anewwayoflife.org
958 E 108th Street
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445

Attorneys for Plaintiff and the Proposed Class

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES REGALADO, individually and on behalf of the putative classes,<br><br>Plaintiff,<br><br>vs.<br><br>RYDER INTEGRATED LOGISTICS, INC., a Delaware corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:12-cv-05737-DSF-FFM<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL SETTLEMENT APPROVAL**<br><br>Date: March 31, 2014<br>Time: 1:30 p.m.<br>Location: Courtroom 840<br><br>Hon. Dale S. Fischer |

//

//

//

//

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................. 1

    A.   Notice of Settlement ............................................................................ 1

    B.   Response to Notice of Settlement ....................................................... 2

III.  THE COURT SHOULD GRANT FINAL SETTLEMENT APPROVAL ... 3

    A.   Standard of Review .............................................................................. 3

    B.   The Proposed Settlement Satisfies the Criteria for Final Approval ... 4

        1. Amount of the Settlement ................................................................ 4

        2. Strength of Plaintiff's Case and the Risk, Expense, Complexity, and Duration of Further Litigation ...................................................... 7

        3. Status of Investigation and Discovery and Stage of Proceedings ... 8

        4. Experience and Views of Counsel .................................................. 8

        5. Unanimous Reaction of Class Members ......................................... 9

IV.   CONCLUSION ............................................................................................. 10

i

# TABLE OF AUTHORITIES

<u>Cases</u>

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) .................................3

*Eddings v. Health Net, Inc.*, 2013 WL 3013867 (C.D. Cal. June 13, 2013) .................4

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15 (N.D. Cal. 1980) .................8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................3

*Klingensmith v. Max & Erma's Restaurants, Inc.*, No. 07-0318, 2007 WL 3118505
(W.D. Pa. Oct. 23, 2007) .................6

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) .................6

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020 (C.D. Cal.
Dec. 5, 2013) .................3

*Marino v. The U.D. Registry, Inc.*, No. 05-cv-2268, 2006 WL 1687026 (E.D. Pa.
June 14, 2006) .................5

*Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 2009 WL
9100391 (C.D. Cal. June 24, 2009) .................9

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523
(C.D. Cal. 2004) .................3, 4, 9

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) .................4

*Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d 241 (E.D. Penn. 2011) .................6

*Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007) .................7

*Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679 (C.D. Cal. Nov. 13,
2012) .................3

*In re Synocor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) .................3

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) .................4

*White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086
(C.D. Cal. 2011) .................6, 7, 8

**<u>Rules and Statutes</u>**

15 U.S.C. 1681, *et seq.* .................*passim*

ii

Fed. R. Civ. P. 23 .................................................................................................3

**<u>Other Authority</u>**

Newberg on Class Actions § 11.41 (4th ed. 2006) ................................................3

iii

## I.     INTRODUCTION.

Through this unopposed motion, Plaintiff Andres Regalado ("Plaintiff") seeks the Court's final approval of the Amended Settlement Agreement that the Court previously approved in its preliminary approval order (*ECF No. 67*).  The Class Members reacted well to the settlement; not a single Class Member opted out of or objected to the settlement.  The Amended Settlement Agreement satisfies all criteria for final approval of a class action settlement in the Ninth Circuit.  Plaintiff therefore respectfully requests that the Court grant Plaintiff's request for final approval of the class action settlement.

## II.    BACKGROUND.

The relevant background relating to the history of this lawsuit and the negotiation and terms of the Settlement Agreement is addressed in detail in the Plaintiff's Renewed Motion for Preliminary Approval.  *See ECF No. 62 at 1-7.* Among other things, Plaintiff's preliminary approval motion papers address:

- The allegations in Plaintiff's Third Amended Complaint and requesting leave to file Fourth Amended Complaint (*id. at 1-3*);
- The extensive discovery conducted by the parties in advance of mediation (*id. at 2*);
- The parties' arms-length negotiations with third-party mediator Mark Rudy (*id.*); and
- The terms of the Amended Settlement Agreement (*id. at 2-3*).

Plaintiff expressly re-incorporates that background into this Memorandum of Points and Authorities, and provides the Court with the following additional information relating to events that have taken place since the preliminary approval hearing on November 4, 2013.

### A. Notice of Settlement

Pursuant to this Court's preliminary approval order (*ECF No. 67*), the Settlement Administrator, CAC Services Group ("Settlement Administrator"),

1   mailed the approved Notice of Pendency of Class Action Settlement and Final

2   Hearing ("Notice") and Opt Out Request for Exclusion Form ("Opt Out Form") via

3   first-class mail, postage prepaid.   *Decl. of Nancy Johnson ("Settlement*

4   *Administrator Decl."), ¶ 6(a)*.   Prior to mailing the Notice and Opt Out Form, the

5   Settlement Administrator attempted to obtain the most up-to-date address

6   information for each Class Member by taking the measures required by Paragraph

7   43 of the Amended Settlement Agreement.   *Id*.   This included (1) updating the

8   Class Members' mailing addresses through the USPS National Change of Address

9   database; (2) utilizing an address verification resource to identify missing

10  addresses; and (3) re-mailing the Notice and Opt Out Form via first-class U.S. mail,

11  postage prepaid, to updated addresses of individuals identified on the class list

12  when the Settlement Administrator received address change notifications from the

13  U.S. Postal Service.   *Id. at ¶ 6(a); (c)*.

14      The Notice informed Class Members of the terms of the settlement,

15  instructed them as to how they could obtain the precise terms and conditions of the

16  settlement, and provided phone numbers to call for both Class Counsel and the

17  Settlement Administrator if Class Members had any questions related to the

18  settlement.   *Id., Ex. 1*.   In addition, the Opt Out Form was mailed to Class Members

19  to fill out if they wished to exclude themselves from the settlement, and the Notice

20  informed them of the procedures for, and consequences of opting out of, or

21  objecting to the settlement.   *Id., at Ex. 1, Ex. 2*.

22  **B. Response to Notice of Settlement**

23      The Class Members responded favorably to the settlement.   No Class

24  Members opted out of the settlement.   *Id. at ¶ 7*.   No Class Members objected to the

25  settlement.   *Id. at ¶ 8*.

26

27

28

2

## III.    THE COURT SHOULD GRANT FINAL SETTLEMENT APPROVAL.

### A. Standard of Review

Under Fed. R. Civ. P. 23(e), court approval is required for any class action settlement.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).  The standard for granting approval is whether the settlement is "fair, reasonable, and adequate."  *Id.*; Fed. R. Civ. P. 23(e).  This determination rests within the sound discretion of the court.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  However, the court begins its analysis with an "initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." Newberg on Class Actions § 11:41 (4th ed. 2006); *accord*, *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2:10-CV-00302 MRP, 2013 WL 6577020 (C.D. Cal. Dec. 5, 2013).  This is because "'there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"  *Schaffer v. Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, *7 (C.D. Cal. Nov. 13, 2012) (quoting *In re Synocor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008)).

The Ninth Circuit has stated that courts should consider several factors as part of fairness determinations, including:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 525 (citing *Hanlon*).  But the "'relative degree of importance to be attached to any particular factor will depend upon and be dictated

3

by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case.'" *Eddings v. Health Net, Inc.*, CV 10-1744-JST RZX, 2013 WL 3013867 (C.D. Cal. June 13, 2013) (quoting *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982)).

Accordingly, "[n]ot all of these factors will apply to every class action settlement.  Under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 525 (citing *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir.1993)).

**B. The Proposed Settlement Satisfies the Standard for Final Settlement Approval**

Based on the factors outlined above, the Amended Settlement Agreement is fair, reasonable, and more than adequate.  Each of the relevant criteria weighs in favor of approval.

1.  <u>Amount of the Settlement</u>

The proposed settlement provides significant guaranteed relief for Class Members that is appropriate for this case.  Under the Amended Settlement Agreement, the minimum amount of money that could be distributed to the Class from the Settlement Fund is $26,110.45.[1]  The number of putative class members is 53.  *ECF No. 62-2, Drake Decl. to Plaintiff's Renewed Motion for Preliminary Approval, ("Drake Prelim. Decl.) Ex. E.*  Divided *pro rata*, at a minimum, all Class Members will receive settlement awards of $492.65.  *Drake Prelim. Decl. ¶ 12.*

---

[1] This number assumes the Court grants the full award of attorneys' fees and expenses allowed pursuant to the Amended Settlement Agreement.

4

1
2
3

The Complaint in this action seeks only statutory damages. *ECF No. 69*. Pursuant to the FCRA, the amount of statutory damages available to class members pursuant to the FCRA range between $100 and $1000. 15 U.S.C. § 1681n(a).

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

As detailed in Plaintiff's prior motion, the estimated per-class member payment resulting from this settlement compares extremely favorably with settlement amounts in similar cases under the FCRA. This monetary amount is particularly substantial in light of the fact that Class Members will receive these funds automatically, without having to file a claim form. *See, e.g. Hunter v. First Transit, Inc.*, Nos. 1:09-cv-06178 and 1:10-cv-07002 (N.D. Ill. Mar. 23, 2011)[2] (individuals subject to an unauthorized employment related background check and denied pre-adverse action notice estimated to receive between $150 and $300 each); *Marino v. The U.D. Registry, Inc.*, No. 05-cv-2268, 2006 WL 1687026 (E.D. Pa. June 14, 2006) (settlement involving $100 per class member where defendant failed to provide free copy of consumer report). Many other FCRA settlements have provided significantly less value per class member—usually well below the $100 statutory minimum for damages, and often with class members being required to file a claim form. *See, e.g.*, *Final Order*, *Domonoske v. Bank of Am., N.A.*, 5:08-CV-00066, ECF No. 155 at 5, 14-15 (W.D. Va. June 14, 2011) (settling for about $17 per class member who files a claim); *Settlement Agreement*, *Ori v. Fifth Third Bank*, No. 2:08-CV-00432, ECF No. 217 at ¶ 9 (settling for $55 per class member who files a claim); *Stipulation and Agreement of Settlement*, *LaValle v. Chexsystems*, No. 8:08-CV-01383, ECF No. 58 at ¶ 3.2 (C.D. Cal. Oct. 5, 2011) (settling for $82 per class member who files a claim). Relative to other FCRA settlements, the instant Settlement secures much more value for the Settlement

25

26
27
28

[2] This order, along with other orders and settlement agreements cited herein that are unavailable on Westlaw, were attached as Exhibit D to the Drake Prelim. Decl.. (*ECF No. 62-6.*)

5

Class members.   *See, e.g.*, *Settlement Agreement*, *Phillips v. Accredited Home Lenders Holding Co.*, No. 2:06-CV-00057, ECF No. 35-2 at ¶¶ 1.13, 5.1 (C.D. Cal. July 17, 2008) (settling for $10 per class member on claims-made basis, with fees and costs paid separately); *Final Judgment and Order of Dismissal with Prejudice*, *In re Farmers Ins. Co., Inc.*, 5:03-CV-00158, ECF No. 1011 at ¶ 6 (W.D. Ok. Sept. 29, 2011) (settling for $35 per class member on claims-made basis, with fees and costs paid separately).   Furthermore, unlike many FCRA settlements, here the settlement value will be distributed to the settlement Class Members through direct monetary payments, and not through the provision of coupons or other non-monetary relief.   *See, e.g.*, *Stipulation of Settlement*, *Anderson v. Signix, Inc.*, No. 3:08-CV-00570, ECF No. 39-1 at ¶ 2.4 (settling the large majority of class members' claims for one $52 coupon per member); *Klingensmith v. Max & Erma's Rests., Inc.*, No. 07-0318, 2007 WL 3118505, at *5 (W.D. Pa. Oct. 23, 2007) (settling for two $4 restaurant vouchers per FCRA violation); *Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d 241, 246 (E.D. Penn. 2011) (settling for one $20 coupon per FCRA violation).

"[C]ourts must tread cautiously when comparing the amount of a settlement to speculative figures regarding what damages 'might have been won' had [plaintiffs] prevailed at trial."   *White*, 800 F. Supp. 2d at 1098 (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).   As previously explained, Plaintiff and Class Counsel have thoroughly evaluated the risks faced in continuing to litigate this case and believe settlement is in the best interest of the Class.  The response from the Class after receiving the Court-ordered Notice further supports the Court's decision to preliminarily approve the settlement.  The amount the Class will receive is not just fair in relation to other FCRA settlements, but fair when presented to each member of the Class.  The Court should therefore grant final settlement approval.

2. <u>Strength of Plaintiff's Case and the Risk, Expense, Complexity, and Duration of Further Litigation</u>

The strength of Plaintiff's case, and the risks, expense, and complexity inherent in continuing this litigation, support final settlement approval.  As evidenced by the fact that not one member of the Class opted out of or objected to the proposed settlement, this resolution offers an attractive alternative to protracted litigation.  Class Members will receive prompt and guaranteed relief rather than face an uncertain outcome unlikely to yield equal or greater results for the Class.

As explained in Plaintiff's Renewed Motion for Preliminary Settlement Approval, the paucity of relevant case law on the specific claims Plaintiff raises only increases the already significant risk inherent to complex litigation.  Although Plaintiff strongly believes his claims are superior to Defendant's defenses and believes that the most analogous case law draws distinctions supportive of his claims, the benefits of this settlement far outweigh the risks of further litigation.

If this case had proceeded to trial on the merits, Plaintiff would have needed to prove that Defendant acted willfully in violating the FCRA.  Although a reckless violation of the FCRA satisfies the willfulness requirement, *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56–57, 127 S. Ct. 2201, 167 L.Ed. 2d 1045 (2007), "[g]iven that Plaintiffs' claims largely presented questions of first impression, proving willfulness in this case would have been no easy task." *White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086 (C.D. Cal. 2011).  Moreover, even if Plaintiff had proven willfulness, there is no guarantee that Plaintiff would have achieved an award, on a per class member basis, that would have met or exceeded the amount received through settlement of nearly $500 per class member. As is demonstrated by how favorably the settlement amount achieved here compares to that in other, similar settlements, there is a distinct possibility that, even if Plaintiff had prevailed, he would have only received the statutory minimum of $100 per Class Member.  Moreover, such an award could have been subject to challenge on

7

appeal, prolonging the period of time it would take for Class Members to receive a payment.

As this Court recognized when it granted preliminary settlement approval, when the proposed settlement is weighed against the risks, expense, and complexity inherent in continuing this litigation, the decision to accept this settlement is reasonable.  Because the Class agrees, final approval should now be granted.

3.  Status of Investigation and Discovery and Stage of Proceedings

As detailed in Plaintiff's Renewed Motion for Preliminary Settlement Approval, the parties exchanged a significant amount of relevant informal discovery in advance of mediation.  The parties exchanged mediation information requests, and also exchanged mediation briefs detailing the relevant facts and the parties' respective analysis of the strength of the claims asserted in this litigation. *Drake Prelim. Decl. ¶¶ 3-5.*  Class Counsel was able to analyze the data and documents Defendant disclosed to determine the size of the proposed Class, analyze Defendant's criminal history screening process, applicant coding criteria, background adjudication process, and review Defendant's internal hiring policies and its background check service agreements with ABI/Sterling.  *Id.*  As a result of this process, Class Counsel was able to assess the merits of the parties' respective positions and to compromise the issues on a fair and equitable basis.  The result of this assessment was the Amended Settlement Agreement that compares very favorably with other FCRA cases, this Court preliminarily approved, and for which the Class has now given its approval.  This factor supports final settlement approval.

4.  Experience and Views of Counsel

"The experience and views of counsel further support a finding that the settlement is fair.  As courts have noted, 'the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.'"  *White*, 803 F. Supp. 2d at 1099 (quoting *Ellis v. Naval Air*

8

*Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980)); *see also Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (quotation omitted).  Specifically, the court in *White* noted that counsel's significant experience in complex class actions and FCRA litigation weighed in favor of the settlement.  *Id*.  Here, Class Counsel's extensive experience in class action litigation, including matters concerning employment disputes, consumer protection, and the FCRA, weighs decidedly in favor of final approval. *See Drake Prelim. Decl. Ex. C.*

5. Unanimous Reaction of Class Members

Each individual Class Member has now had an opportunity to weigh in on the quality of the proposed settlement.  And the silence speaks volumes.  "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529.  Here, after being presented with Notice of the proposed settlement, not a single Class Member objected or opted out.  "The absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement."  *Id*; *Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, CV 07-3072 AHM FMMX, 2009 WL 9100391 (C.D. Cal. June 24, 2009) (stating that one objection and no opt outs "is a highly favorable reaction by the class to the settlement.").  The Class recognized that the proposed settlement is fair, and that the benefit received is an excellent result.  This factor strongly and indisputably weighs in favor of granting final settlement approval.

\*   \*   \*

9

In short, the parties have reached a settlement that is fair, reasonable, and adequate.  It provides substantial monetary relief to the Class and has the support of the Class Members.  It therefore deserves final approval.

**IV.  CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests the Court grant his motion for final approval of the proposed class action settlement and (1) finally approve the Amended Settlement Agreement; and (2) dismiss all of the Plaintiff's and Class Members' claims in the litigation with prejudice.

DATED:      March 3, 2014

By:/s/E. Michelle Drake
NICHOLS KASTER, PLLP
E Michelle Drake (Admitted *pro hac vice*)
drake@nka.com
80 S. Eighth St. 4600 IDS Center
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 3384878

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
joshua@anewwayoflife.org
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445

COUNSEL FOR PLAINTIFF AND THE PUTATIVE CLASS

10

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on the CM/ECF system which sent a Notice of Electronic Filing to the following:


Devin H. Fok     devin@devinfoklaw.com

Joshua Eunsuk Kim     joshua@anewwayoflife.org

Linda S. Husar     lhusar@reedsmith.com

Elizabeth Boca     eboca@reedsmith.com


Dated: March 3, 2014                    /s/E. Michelle Drake

                                        E. Michelle Drake

11